# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

JAMIEFRANCHESCA C. WATKINS, :

    Plaintiff, :

vs. : CA 17-0522-MU

NANCY A. BERRYHILL, :
Acting Commissioner of Social Security,
    :
    Defendant.

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Rita V. Blackmon brings this action, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying her claims for disability insurance benefits and supplemental security income. The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all proceedings in this Court. (Docs. 19 & 21 ("In accordance with the provisions of 28 U.S.C. 636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States Magistrate Judge conduct any and all proceedings in this case, . . . order the entry of a final judgment, and conduct all post-judgment proceedings.")). Upon consideration of the administrative record, Plaintiff's brief, the Commissioner's brief, and the parties' arguments at the July 17, 2018 hearing before the undersigned, the Court concludes that the Commissioner's decision denying

benefits should be reversed and remanded for further proceedings not inconsistent with this decision.[1]

## I. Procedural Background

Plaintiff protectively filed applications for disability insurance benefits and supplemental security income on September 23, 2014, alleging disability beginning on September 14, 2014. (*See* Tr. 159-71.) Watkins's claims were initially denied on December 11, 2014 (Tr. 98-99 & 102-07) and, following Plaintiff's December 16, 2014 written request for a hearing before an Administrative Law Judge ("ALJ") (*see* Tr. 108-09), a hearing was conducted before an ALJ on May 12, 2016 (Tr. 50-71). On October 4, 2016, the ALJ issued a decision finding that the claimant was not disabled and, therefore, not entitled to disability insurance benefits or supplemental security income. (Tr. 17-33.) More specifically, the ALJ proceeded to the fifth step of the five-step sequential evaluation process and determined that Watkins retains the residual functional capacity to perform those light jobs identified by the vocational expert ("VE") during the administrative hearing (*compare id.* at 32 *with* Tr. 68-70). On November 30, 2016, the Plaintiff appealed the ALJ's unfavorable decision to the Appeals Council (Tr. 158); the Appeals Council denied Plaintiff's request for review on October 16, 2017 (Tr. 1-3). Thus, the hearing decision became the final decision of the Commissioner of Social Security.

---

[1] Any appeal taken from this memorandum opinion and order and judgment shall be made to the Eleventh Circuit Court of Appeals. (*See* Docs. 19 & 21 ("An appeal from a judgment entered by a Magistrate Judge shall be taken directly to the United States Court of Appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court.")).

Plaintiff alleges disability due to sarcoidosis, myalgias, somatoform disorder versus conversion disorder, and affective disorder. The Administrative Law Judge (ALJ) made the following relevant findings:

> **3.  The claimant has the following severe impairments: sarcoidosis, myalgias, somatoform disorder versus conversion disorder, and affective disorder (20 CFR 404.1520(c) and 416.920(c)).**
>
> .   .   .
>
> **4.  The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR  404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).**
>
> .   .   .
>
> **5.  After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform less than the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b). The claimant can sit one hour at a time or 4 hours total; stand 30 minutes at a time or 2 hours total; walk 30 minutes at a time or 2 hours total; climb no ladders, ropes, scaffolds; occasionally climb ramps/stairs; occasionally stoop, kneel, crouch, and crawl; perform frequent reaching, handling, fingering, pushing[, and] pulling; occasionally operate foot controls; occasionally tolerate exposure to moving mechanical parts, dust, fumes, odors, gases, and vibration; tolerate no exposure to extreme heat or cold, or unprotected heights. She can perform simple routine tasks[,] with occasional interaction with the public and supervisors.**
>
> .   .   .
>
> **6.  The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).**
>
> .   .   .
>
> **7.  The claimant was born on May 5, 1985 and was 29 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).**

**8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).**

**9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR 404, Subpart P, Appendix 2).**

**10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).**

. . .

**11. The claimant has not been under a disability, as defined in the Social Security Act, from September 19, 2014, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).**

(Tr. 19, 21, 23, 31, 32 & 33 (emphasis in original)).

## II. Standard of Review and Claims on Appeal

In all Social Security cases, an ALJ utilizes a five-step sequential evaluation

> to determine whether the claimant is disabled, which considers: (1) whether the claimant is engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if so, whether the severe impairment meets or equals an impairment in the Listing of Impairments in the regulations; (4) if not, whether the claimant has the RFC to perform her past relevant work; and (5) if not, whether, in light of the claimant's RFC, age, education and work experience, there are other jobs the claimant can perform.

*Watkins v. Commissioner of Social Sec.*, 457 Fed. Appx. 868, 870 (11th Cir. Feb. 9, 2012)[2] (per curiam) (citing 20 C.F.R. §§ 404.1520(a)(4), (c)-(f), 416.920(a)(4), (c)-(f); *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004)) (footnote omitted). The

---
[2] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir.R. 36-2.

4

claimant bears the burden, at the fourth step, of proving that she is unable to perform her previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986). In evaluating whether the claimant has met this burden, the examiner must consider the following four factors: (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; and (4) the claimant's age, education and work history. *Id.* at 1005. Although "a claimant bears the burden of demonstrating an inability to return to her past relevant work, the [Commissioner of Social Security] has an obligation to develop a full and fair record." *Schnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987) (citations omitted). If a plaintiff proves that she cannot do her past relevant work, as here, it then becomes the Commissioner's burden—at the fifth step—to prove that the plaintiff is capable—given her age, education, and work history—of engaging in another kind of substantial gainful employment that exists in the national economy. *Phillips, supra,* 357 F.3d at 1237; *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999), *cert. denied,* 529 U.S. 1089, 120 S.Ct. 1723, 146 L.Ed.2d 644 (2000); *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985).

The task for the Magistrate Judge is to determine whether the Commissioner's decision to deny claimant benefits, on the basis that she can perform those light jobs identified by the VE during the administrative hearing, is supported by substantial evidence. Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). "In determining whether substantial evidence exists, we must view the record as a whole, taking into account evidence favorable as well as unfavorable to the

[Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).[3] Courts are precluded, however, from "deciding the facts anew or re-weighing the evidence." *Davison v. Astrue*, 370 Fed. Appx. 995, 996 (11th Cir. Apr. 1, 2010) (per curiam) (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)). And, "'[e]ven if the evidence preponderates against the Commissioner's findings, [a court] must affirm if the decision reached is supported by substantial evidence.'" *Id.* (quoting *Crawford v. Commissioner of Social Sec.*, 363 F.3d 1155, 1158-1159 (11th Cir. 2004)).

On appeal to this Court, Watkins asserts but one reason the Commissioner's decision to deny her benefits is in error (*i.e.,* not supported by substantial evidence), namely, that the ALJ committed reversible in that her RFC determination is not supported by substantial evidence.

The responsibility for making the residual functional capacity determination rests with the ALJ. *Compare* 20 C.F.R. § 404.1546(c) ("If your case is at the administrative law judge hearing level . . ., the administrative law judge . . . is responsible for assessing your residual functional capacity.") *with, e.g., Packer v. Commissioner, Social Security Admin.*, 542 Fed. Appx. 890, 891-892 (11th Cir. Oct. 29, 2013) (per curiam) ("An RFC determination is an assessment, based on all relevant evidence, of a claimant's remaining ability to do work despite her impairments. There is no rigid requirement that the ALJ specifically refer to every piece of evidence, so long as the ALJ's decision is not a broad rejection, i.e., where the ALJ does not provide enough reasoning for a

---

[3] This Court's review of the Commissioner's application of legal principles, however, is plenary. *Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

reviewing court to conclude that the ALJ considered the claimant's medical condition as a whole." (internal citation omitted)). A plaintiff's RFC—which "includes physical abilities, such as sitting, standing or walking, and mental abilities, such as the ability to understand, remember and carry out instructions or to respond appropriately to supervision, co-workers and work pressure[]"—"is a[n] [] assessment of what the claimant can do in a work setting despite any mental, physical or environmental limitations caused by the claimant's impairments and related symptoms." *Watkins v. Commissioner of Social Security,* 457 Fed. Appx. 868, 870 n.5 (11th Cir. Feb. 9, 2012) (citing 20 C.F.R. §§ 404.1545(a)-(c), 416.945(a)-(c)); *see also Davison, supra,* 370 Fed.Appx. at 996 ("An ALJ makes an RFC determination by considering the claimant's ability to sit, stand, walk, lift, carry, push, pull, stoop, crouch, and reach."); 20 C.F.R. § 404.1545(a)(3) (in assessing RFC, the Commissioner is required to consider "descriptions and observations of [the claimant's] limitations from [] impairments, including limitations that result from [] symptoms, such as pain, provided by [the claimant] . . . .").

To find that an ALJ's RFC determination is supported by substantial evidence, it must be shown that the ALJ has "'provide[d] a sufficient rationale to link'" substantial record evidence "'to the legal conclusions reached.'" *Ricks v. Astrue*, 2012 WL 1020428, *9 (M.D. Fla. Mar. 27, 2012) (quoting *Russ v. Barnhart*, 363 F. Supp. 2d 1345, 1347 (M.D. Fla. 2005)); *compare id. with Packer v. Astrue*, 2013 WL 593497, *4 (S.D. Ala. Feb. 14, 2013) ("'[T]he ALJ must link the RFC assessment to specific evidence in the record bearing upon the claimant's ability to perform the physical, mental, sensory, and other requirements of work.'"), *aff'd,* 542 Fed. Appx. 890 (11th Cir. Oct. 29, 2013);

7

*see also Hanna v. Astrue*, 395 Fed. Appx. 634, 636 (11th Cir. Sept. 9, 2010) (per curiam) ("The ALJ must state the grounds for his decision with clarity to enable us to conduct meaningful review. . . . Absent such explanation, it is unclear whether substantial evidence supported the ALJ's findings; and the decision does not provide a meaningful basis upon which we can review [a plaintiff's] case." (internal citation omitted)).[4] However, in order to find the ALJ's RFC assessment supported by substantial evidence, it is not necessary for the ALJ's assessment to be supported by the assessment of an examining or treating physician. *See, e.g., Packer, supra,* 2013 WL 593497, at *3 ("[N]umerous court have upheld ALJs' RFC determinations notwithstanding the absence of an assessment performed by an examining or treating physician."); *McMillian v. Astrue*, 2012 WL 1565624, *4 n.5 (S.D. Ala. May 1, 2012) (noting that decisions of this Court "in which a matter is remanded to the Commissioner

---

[4] It is the ALJ's (or, in some cases, the Appeals Council's) responsibility, not the responsibility of the Commissioner's counsel on appeal to this Court, to "state with clarity" the grounds for an RFC determination. Stated differently, "linkage" may not be manufactured speculatively by the Commissioner—using "the record as a whole"—on appeal, but rather, must be clearly set forth in the Commissioner's decision. *See, e.g., Durham v. Astrue*, 2010 WL 3825617, *3 (M.D. Ala. Sept. 24, 2010) (rejecting the Commissioner's request to affirm an ALJ's decision because, according to the Commissioner, overall, the decision was "adequately explained and supported by substantial evidence in the record"; holding that affirming that decision would require that the court "ignor[e] what the law requires of the ALJ[; t]he court 'must reverse [the ALJ's decision] when the ALJ has failed to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted'" (quoting *Hanna*, 395 Fed. Appx. at 636 (internal quotation marks omitted))); *see also id.* at *3 n.4 ("In his brief, the Commissioner sets forth the evidence on which the ALJ **could have** relied . . . . There may very well be ample reason, supported by the record, for [the ALJ's ultimate conclusion]. However, because the ALJ did not state his reasons, the court cannot evaluate them for substantial evidentiary support. Here, the court does not hold that the ALJ's ultimate conclusion is unsupportable on the present record; the court holds only that the ALJ did not conduct the analysis that the law requires him to conduct." (emphasis in original)); *Patterson v. Bowen*, 839 F.2d 221, 225 n.1 (4th Cir. 1988) ("We must . . . affirm the ALJ's decision only upon the reasons he gave.").

because the ALJ's RFC determination was not supported by substantial and tangible evidence still accurately reflect the view of this Court, but not to the extent that such decisions are interpreted to require that substantial and tangible evidence must—in all cases—include an RFC or PCE from a physician" (internal punctuation altered and citation omitted)); *but cf. Coleman v. Barnhart,* 264 F.Supp.2d 1007 (S.D. Ala. 2003).

In this case, the Court finds that the ALJ's RFC assessment cannot be found to be supported by substantial evidence because the ALJ does not explain, when summarizing the evidence of record and articulating the required linkage, how the medical evidence related to each of Plaintiff's impairments supports each component of her RFC assessment. Of particular import to this Court, while the ALJ generally accorded "significant weight" to the RFC assessment of non-examining, reviewing physician, Dr. Kenneth Cloninger (Tr. 30),[5] she "carved out" Dr. Cloninger's "findings" that Plaintiff could perform manipulative functions only occasionally (*compare id. with* Tr. 432 (Dr. Cloninger's findings that Plaintiff could perform reaching, handling, fingering, feeling, and pushing/pulling on the right and left only occasionally from 2011 through 2015, although there would be times—of remission—where she could perform the activities frequently)), finding that such manipulative limitations are not supported by "persuasive corroborating evidence . . . for any 12 consecutive months." (Tr. 30; *compare id. with* Tr. 23 (ALJ's RFC in which she finds that Plaintiff can perform "frequent" reaching, handling, fingering, pushing, and pulling)). There are several

---

[5] It is apparent to the undersigned that the ALJ rightly determined that she needed assistance from an outside specialist to establish Plaintiff's RFC; however, the Court finds it curious that the ALJ chose to ask for a record review alone without requesting an accompanying examination.

problems with the ALJ's conclusion in this regard. First, the ALJ does not point to any evidence contrary to Dr. Cloninger's "findings" and, indeed, the evidence of record of Plaintiff's chest, musculoskeletal and abdominal pain, numbness both on the left and right sides of the body (and suspected multiple-sclerosis-type illness or a demyelinating disease), abnormal MRI brain findings and CTA chest, and suspected temporal ischemic attack (*see, e.g.,* Tr. 248-52, 254-57, 266-68, 285, 291-300, 302, 323, 324, 326-27, 331, 334-35, 338-40, 342-43, 346-48, 351-52, 355-56, 358, 360-63, 365-72, 376-77, 385-87, 389-93, 402, 404, 409-11, 423-25 & 446-52), appear to support the non-examiner's findings that Plaintiff can perform manipulative functions only occasionally.[6] In addition, the ALJ's refusal to accord the "occasional" manipulative function findings of Dr. Cloninger the significant weight given the non-examiner's other findings—regarding lifting and carrying, sitting, standing, walking, postural activities, and environmental limitations (*compare* Tr. 30 *with* Tr. 23, 430-31 & 433-35)—is inherently inconsistent given that the non-examiner was "evaluating" Plaintiff for the period from 2011 through January 2015 (Tr. 435) and clearly indicates that all the limitations he was "checking" would not have been in existence "as checked" during the entire period from

---

[6] This case is very much a pain and "numbness" case and yet the ALJ gave only conclusory consideration to Plaintiff's subjective allegations. (*See* Tr. 30 ("The claimant's testimony is also not entirely consistent with a finding of disabling symptoms. For example, the claimant has described daily activities[] which are not limited to the extent one would expect[] given the complaints of disabling symptoms and limitations. Nor has the claimant provided convincing details regarding factors[] which precipitate the allegedly disabling symptoms, claiming that the symptoms are present "constantly" or all the time.")). The ALJ's daily activities comment is incorrect because nowhere in the decision does the ALJ outline any significant daily physical activities engaged in by the Plaintiff (*see, e.g.,* Tr. 23-25) and, indeed, the decision reflects the Plaintiff's testimony that she engages in little physical daily activity (*see id.*). And the ALJ's "precipitating" factors comment is very general, amorphous, and unhelpful in a case in which Plaintiff may well not experience "precipitating factors" but, instead, experiences symptoms as part and parcel of a demyelinating disease.

2011 to January of 2015 (*compare, e.g.,* Tr. 433 (Cloninger "checked" that Plaintiff could only occasionally climb stairs and ramps, balance, stoop, kneel, crouch and crawl, but also indicated that these activities could have been done most of the time frequently) *with* Tr. 23 (ALJ fully embraced Cloninger's postural limitations, indicating in her RFC assessment that Plaintiff can occasionally climb stairs/ramps, stoop, kneel, crouch and crawl)). In other words, based on the manner in which Cloninger completed the RFC form, the ALJ's criticism and ultimate rejection of Cloninger's manipulative functions limitations applies equally to all other limitations identified on the form completed by the non-examiner and, therefore, the singly-out of Cloninger's manipulative functions limitations is not justified.[7] Instead, the ALJ's inconsistent treatment of Cloninger's noted limitations leaves the hearing officer open to the justifiable criticism that she cherry-picked from those limitations the limitations that she believed would ensure that the VE would be able to identify jobs in the national economy that Watkins was capable of performing between 2011 and 2015.[8] *See, e.g., Goble v. Astrue,* 385 Fed.Appx. 588,

---

[7] The entirety of the non-examiner's RFC assessment is hard to read and follow (*see* Tr. 430-35), *compare Atherton v. Astrue,* 2008 WL 4891185, *10 (M.D. Tenn. Nov. 12, 2008) (observing that fill-in-the-blank/check-the-box forms pose interpretive problems that are "a significant impediment to their usefulness.") *with Mason v. Shalala,* 994 F.2d 1058, 1065 (3d Cir. 1993) (observing that fill-in-the-blank/check-the-box reports unaccompanied by thorough written reports are of suspect reliability); however, because the ALJ did not reject the entirety of the non-examiner's assessment, but accorded the majority of the portions significant weight, the ALJ was required both to identify the specific evidence in the record supporting her rejection of the one portion of Dr. Cloninger's report she disagreed with and also to identify the specific evidence in the record supporting all other limitations noted by the non-examiner which the ALJ fully embraced. The ALJ's failure to perform this task requires a remand of this matter for further proceedings.

[8] The manner in which Cloninger completed the form, in limiting its application to the period of 2011 through January 2015 (Tr. 435), further complicates this case because while the form mentions Plaintiff's apparent TIA in January of 2016 (Tr. 434) it, again, only finds that the limitations noted existed from 2011 through January of 2015 (Tr. 435), not January of 2016. Therefore, this "begs" the question of whether the ALJ's RFC assessment sufficiently addresses (Continued)

593 (7th Cir. Jul. 14, 2010) ("An ALJ is obligated to consider all relevant medical evidence and may not cherry-pick facts to support a finding of non-disability while ignoring evidence that points to a disability finding."). In light of the problems attendant to the ALJ's analysis of Dr. Cloninger's RFC assessment (and problems attendant to Dr. Cloninger's assessment itself), as well as the deficient analysis of Plaintiff's pain and other symptoms, this Court cannot find that the ALJ's RFC assessment provides an articulated linkage to substantial medical evidence of record,[9] and, therefore, this cause need be remanded to the Commissioner of Social Security for further consideration not inconsistent with this decision. Stated somewhat differently, the ALJ has failed to provide this Court with sufficient reasoning for determining that the proper legal analysis has been conducted.

## CONCLUSION

In light of the foregoing, it is **ORDERED** that the decision of the Commissioner of Social Security denying Plaintiff benefits be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g), see Melkonyan v. Sullivan, 501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991), for further proceedings not inconsistent with this decision.

---

Plaintiff's impairments and conditions after January of 2015, that is, through the date of her decision.

[9] The linkage requirement is simply another way to say that, in order for this Court to find that an RFC determination is supported by substantial evidence, ALJs must "show their work" or, said somewhat differently, show *how* they applied and analyzed the evidence to determine a plaintiff's RFC. See, e.g., Hanna, 395 Fed. Appx. at 636 (an ALJ's "decision [must] provide a meaningful basis upon which we can review [a plaintiff's] case"); Ricks, 2012 WL 1020428, at *9 (an ALJ must "explain the basis for his decision"); Packer, 542 Fed.Appx. at 891-892 (an ALJ must "provide **enough reasoning** for a reviewing court to conclude that the ALJ considered the claimant's medical condition as a whole[]" (emphasis added)). Thus, by failing to "show h[er] work," the ALJ has not provided the required "linkage" between the record evidence and his RFC determination necessary to facilitate this Court's meaningful review of his decision.

The remand pursuant to sentence four of § 405(g) makes the plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, *Shalala v. Schaefer*, 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993), and terminates this Court's jurisdiction over this matter.

**DONE** and **ORDERED** this the 24th day of July, 2018.

s/P. BRADLEY MURRAY
**UNITED STATES MAGISTRATE JUDGE**